IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:13CV00039-RLV
(5:00CR00046-RLV-4)

| | |
|---|---|
| WILLIAM LARNELL ECKLES, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court on initial review of the Petition for a Writ of Audita Querela filed by the Petitioner in an effort to present another challenge to his criminal judgment. (Doc. No. 1). No response is necessary from the Government. For the reasons that follow, the petition will be DENIED and DISMISSED.

## I. BACKGROUND

On March 1, 2002, Petitioner was convicted on one count of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 & 841 (b), and he was sentenced to an active term of 360-months' imprisonment. (5:00CR00046, Doc. No. 161: Amended Judgment in a Criminal Case). Petitioner filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit and his criminal judgment was affirmed in its entirety. United States v. Waddell, 62 F. App'x 491 (4th Cir. filed Apr. 11, 2003) (unpublished).[1] (Doc. No. 173).

On December 13, 2004, Petitioner filed a Motion to Vacate, Set Aside or Correct

---

[1] Thomas Waddell, a co-defendant, was named as the lead appellant in a consolidated appeal.

1

Sentence pursuant to 28 U.S.C. § 2255. (5:04CV00199-RLV). On February 3, 2005, the Court entered an Order dismissing Petitioner's Section 2255 motion as untimely filed. (Doc. No. 5). Petitioner filed a notice of appeal which the Fourth Circuit dismissed on September 6, 2005. United States v. Eckles, Jr., No. 05-6496 (4th Cir. filed Sept. 1, 2005) (unpublished). (Doc. No. 8).

On June 13, 2012, Petitioner filed a second Section 2255 motion that the Court dismissed as an authorized, successive petition under 28 U.S.C. § 2255(h). Petitioner did not file a notice of appeal from this Order. (5:12CV00070-RLV, Doc. No.2). On February 6, 2012, Petitioner filed the present action again attacking his criminal judgment.[2]

## II. DISCUSSION

Petitioner contends that relief is proper under the All Writs Act, 28 U.S.C. § 1651(a), which provides that federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Id. Petition asserts that a recent Fourth Circuit case, United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), has rendered his criminal judgment infirm and susceptible to amendment. (5:13CV00039, Doc. No. 1).

Generally, a defendant that is presently in custody must challenge his sentence by way of a Section 2255 motion if his goal is to attack the calculation of his sentence. Section 2255(a) provides,

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by

---

[2] This petition was originally filed in Case No. 5:04CV00199, but was later filed in the present proceeding and a new case number was assigned because Petitioner was seeking a form of relief under 28 U.S.C. § 1651.

law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Petitioner contends that the decision in <u>Simmons</u> entitles him to be resentenced without consideration of prior state convictions which he contends could not carry a prison term in excess of one year. In <u>Simmons</u>, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense, the individual defendant must have been convicted of an offense for which *that* defendant could be sentenced to a term exceeding one year. <u>Simmons</u>, 649 F.3d at 243. In reaching this holding, the <u>Simmons</u> Court expressly overruled <u>United States v. Harp</u>, 406 F.3d 242 (4th Cir. 2005), in which the Fourth Circuit previously held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." <u>Id.</u> (quoting <u>Harp</u>, 406 F.3d at 246) (emphasis omitted).

The decision in <u>Simmons</u> was based on the Court's interpretation of the Supreme Court's opinion in <u>Carachuri</u>, which held that, in the context of what constitutes a qualifying felony under a provision of the Immigration and Nationality Act, the sentencing court must examine the criminal record of the defendant presently before the court and not the record of a hypothetical defendant. In a decision filed after Petitioner filed the present Section 2255 motion, the Fourth Circuit examined the reach of the decision in <u>Carachuri</u> and concluded that its holding was not retroactive to cases on collateral review. See <u>United States v. Powell</u>, 691 F.3d 554 (4th Cir. 2012) ("Because the Supreme Court's decision in <u>Carachuri</u> at most altered the procedural requirements that must be followed in applying recidivist enhancements and did not alter the

3

range of conduct or the class of persons subject to criminal punishment, we hold that Carachuri is a procedural rule. It is, therefore, not retroactively applicable to cases on collateral review.").

"[T]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Carlisle v. United States, 517 U.S. 416, 429 (1996) (quoting Pennsylvania Bureau of Correction v. United States Marshals Service, 474 U.S. 34, 43 (1985)). As Petitioner is attacking the legality of his sentence based on intervening case law, Section 2255 provides the proper avenue to present such a challenge

As noted, Petitioner has filed two Section 2255 motions challenging his criminal judgment, one of which was dismissed in 2005, and one of which was pending at the time he filed the present motion. The latter Section 2255 proceeding was dismissed after the Court found that it was an unauthorized, successive petition. In the present case, the Court finds that the writ of *audita querela* is unavailable to a petitioner that may otherwise challenge his conviction or sentence by way of a Section 2255 motion. "A writ of *audita querela* is not available to a petitioner when other avenues of relief are available, such as a motion to vacate under § 2255." In re Moore, No. 12-1720, 2012 WL 5417618, at *1 (4th Cir. Nov. 7, 2012) (unpublished) (citing United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002), and United States v. Johnson, 962 F.2d 579, 582 (7th Cir. 1992) (noting that relief under this writ is unavailable to a petitioner who could raise his claim pursuant to Section 2255)). Although Petitioner must apply to the Fourth Circuit before he may file a successive Section 2255 motion, see § 2255(h), it does not mean that this avenue of relief is unavailable. Petitioner's application for a writ of *audita querela* will be denied.

4

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner petition for a writ of *audita querela* will be **DENIED** and **DISMISSED.** (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: March 8, 2013

Richard L. Voorhees
United States District Judge

5